T.C. Summary Opinion 2010-46

UNITED STATES TAX COURT

NASSER AND BASHERA KURAIN GHALEB, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9496-08S.                    Filed April 14, 2010.

Nasser and Bashera Kurain Ghaleb, pro sese.

Orsolya Kun, for respondent.

GOLDBERG, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code (Code) in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $5,475 in petitioners' 2006 Federal income tax. After a concession,[1] the issues for decision are whether petitioners are entitled to: (1) Four dependency exemption deductions and (2) a child tax credit.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in New York State when they filed their petition.

Nasser Ghaleb (petitioner) worked as a controller for Guidance Center, a nonprofit organization, earning $64,852 in 2006. Petitioner's wife lived in Yemen, and had not yet moved to the United States because of her pending immigration status.

Petitioner's sister is Thuraya Ghaleb (Ms. Ghaleb), born in 1979. Ms. Ghaleb has three boys (petitioner's nephews): H.A.M. born in 1999, M.A.M. born in 2001, and K.A.M. born in 2002.[2] Ms. Ghaleb's husband abandoned her in the summer of 2004, leaving her solely responsible for the care of their three children. Ms.

---

[1]Petitioners stipulated they are not entitled to a dependency exemption deduction for 2006 for Mohamed Ghaleb, petitioner's brother, which was one of the five dependency exemption deductions that petitioners claimed on their 2006 joint Federal income tax return.

[2]The Court redacts the names of minors. See Rule 27(a)(3).

Ghaleb was unemployed and unable to support herself and her children. Rather than having Ms. Ghaleb return to Yemen with the children, petitioner and his father rented an apartment where Ms. Ghaleb and petitioner's nephews resided.

In December 2005 petitioner purchased a two-bedroom condominium. In January 2006 Ms. Ghaleb and her three sons moved into petitioner's condominium, living there with petitioner through October 2006. During this period petitioner paid for the condominium mortgage, fees, property taxes, utilities, his sister's transportation needs, and the other necessities of his extended family.

Although Ms. Ghaleb had separated from her husband in 2004, the couple remained married and eventually reconciled in late 2006. In November 2006 Ms. Ghaleb and her children moved to Tennessee to rejoin her husband.

Petitioners timely filed a joint Federal income tax return for 2006 claiming dependency exemptions deductions for five individuals: (1) One for Ms. Ghaleb; (2) three for the nephews; and (3) one for petitioner's brother, Mohamed Ghaleb. Petitioners also claimed a child tax credit of $3,000, consisting of a $1,000 credit for each of the three nephews. Ms. Ghaleb and her husband also filed a 2006 joint Federal income tax return claiming the same three children as dependents. Respondent disallowed all five of petitioners' dependency exemption

deductions and disallowed petitioners' entire $3,000 child tax credit.

## Discussion

### I. Petitioners' Contention

Petitioners' main contention is that for 2006 they are entitled to four dependency exemption deductions and the child tax credit totaling $3,000 because for the first 10 months of 2006 they housed petitioner's sister and her three children and provided almost all of their relatives' support.

### II. Dependency Exemption Deductions

Deductions, including dependency exemption deductions, are a matter of legislative grace, and taxpayers have the burden of satisfying the statutory requirements for claiming the deductions. Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

A taxpayer may claim a dependency exemption deduction for each individual who is a dependent (as defined in section 152) of the taxpayer for the year. Sec. 151(a), (c). Section 152(a) defines the term "dependent" to mean either a "qualifying child" or a "qualifying relative". However, section 152(b) lists specific circumstances rendering individuals ineligible who would otherwise qualify as dependents.

We will first discuss petitioner's nephews.  The definition relevant here is the one for a qualifying child, which requires that the individual:  (1) Bear a relationship to the taxpayer as described in section 152(c)(2); (2) have the same principal place of abode as the taxpayer for more than one-half of the taxable year; (3) meet the age requirements in section 152(c)(3) specifying an individual under the age of 19, or under age 24 if the individual is a student at the close of the year; and (4) have not provided over one-half of his or her own support for the year.  Sec. 152(c)(1).  Notwithstanding these requirements, if two or more taxpayers can claim the individual as a qualifying child, the child's parents have first priority in claiming the individual as a dependent.  Sec. 152(c)(4)(A)(i).

Petitioner's nephews meet the above four requirements of section 152(c) as qualifying children because they:  Satisfied the relationship definition; were minors at December 31, 2006; resided with petitioner for more than one-half of the year; and clearly as young children did not provide more than one-half, or any of their own support.  However, Ms. Ghaleb and her husband claimed the three children as dependents on their joint Federal income tax return for 2006.  Consequently, because of the priority rule that section 152(c)(4)(A)(i) imposes, the parents' claim supersedes petitioners' claim to the boys as dependents.

Therefore, petitioners are not entitled to dependency exemption deductions for any of the three nephews.

We now discuss whether petitioners may claim a dependency exemption deduction for Ms. Ghaleb.  Ms. Ghaleb does not meet the definition of a qualifying child because in 2006 she became age 27, which exceeds the age limits set by section 152(c)(1)(C) and (3)(A).  Regarding the requirements for a qualifying relative, as applicable here, the Code defines a qualifying relative as an individual:  (1) Who bears a relationship to the taxpayer as described in section 152(d)(2); (2) whose gross income for the year is less than the exemption amount defined in section 151(d); (3) who receives over one-half of his or her support from the taxpayer for the year at issue; and (4) who is not a qualifying child of the taxpayer or of any other taxpayer for the taxable year.  Sec. 152(d)(1).

Thus, Ms. Ghaleb satisfies the above requirements for a qualifying relative because she met the relationship definition, had little or no gross income for the year, received over one-half of her support from petitioner during 2006, and was not a qualifying child.  See sec. 152(d).  However, Ms. Ghaleb filed a joint Federal income tax return for 2006 with her husband.  The Code specifically provides that a person who files a joint return with their spouse is ineligible to be claimed as a dependent.  Sec. 152(b)(2).  Because of this statutory prohibition,

petitioners may not claim a dependency exemption deduction for Ms. Ghaleb for 2006.

III. Child Tax Credit

Subject to an adjusted gross income ceiling, a taxpayer is entitled to a $1,000 credit against tax for each qualifying child. Sec. 24(a). For purposes of this section, a qualifying child means an individual under age 17 who is a qualifying child of the taxpayer as defined in section 152(c). See sec. 24(c)(1). As discussed above, petitioner's nephews are the qualifying children of their parents, Ms. Ghaleb and her husband, and are not the qualifying children of petitioners. Therefore, because petitioners did not have any qualifying children in 2006, they are not entitled to a child tax credit.

IV. Summary

We commend petitioners' generosity in supporting petitioner's sister and her three children. However, for the reasons stated above, specific Code provisions prevent petitioners from claiming any dependency exemption deductions or any child tax credits for these relatives for 2006.

We have considered all of the other arguments made by the parties, and, to the extent that we have not specifically addressed them, we conclude that those arguments are without merit, irrelevant, or moot.

To reflect our disposition of the issues,

<u>Decision will be entered</u>

<u>for respondent</u>.